UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA L. SCHLACHT,
    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,          HON. AVERN COHN
                                               Case No. 18-12125

    Defendant.
_____/

# ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15)

## I. INTRODUCTION

This is a Social Security case. Plaintiff Sandra L. Schlacht has appealed Commissioner of Social Security's denial of her claim for benefits under the Social Security Act. The case was referred to a magistrate judge ("MJ"). Both parties submitted motions for summary judgment. After reviewing the motions, briefs, and the ALJ decision, the magistrate judge issued a report and recommendation ("MJRR") recommending that the Commissioner's motion for summary judgment be granted and Schlacht's motion for summary judgment be denied. Plaintiff has filed objections to the MJRR and Defendant has filed a response.

For the reasons that follow, the Court overrules Schlacht's objections, and adopts the MJRR, denies Schlacht's motion for summary judgment, and grants the Commissioner's motion for summary judgment.

1

## II. BACKGROUND

### A. Procedural History

After Schlacht's application for Disability Insurance Benefits was denied, she timely requested an administrative hearing. After the hearing, the ALJ issued a written decision finding that Schlacht is not disabled under the Act. The Appeals Council denied review. Schlacht then commenced this action for district court review. Subsequently, Schlacht filed timely objections to the MJ's recommendation which are now before the court. (ECF No. 15).

### B. ALJ Findings and Medical Evidence

The MJRR summarized the ALJ's decision denying benefits:

> Schlacht, born December 18, 1967, was 46 years old on March 31, 2014, the date last insured. She has past relevant work as a child care worker and an office manager. She claims her ability to work is limited by fibromyalgia, chronic psoriatic arthritis, irritable bowel syndrome, chronic recurrent acute sinusitis, psoriasis, benign essential hypertension, migraines, and anxiety. At the hearing, she testified that after doing any of sort of activity, even for a short period of time, she would have to rest because her back and knees would bother her.
>
> The ALJ applied the five-step disability analysis and found:
>
> - At step one, that Schlacht had not engaged in substantial gainful activity since January 22, 2014, the alleged onset date.
> - At step two, the ALJ found that Schlacht's psoriasis; myalgias/fibromyalgia; irritable bowel syndrome; obesity; depression; and anxiety were "severe" within the meaning of the second sequential step.
> - However, at step three, the ALJ found no evidence that plaintiff's impairments singly or in combination met or medically equaled one of the listings in the regulations.
> - Thereafter, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows: After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except no ropes, ladders, or scaffolds; no concentrated exposure to hazards including vibration;

> unskilled work involving only simple, routine, repetitive tasks; no work with the public; and no production-like standards.
> - At step four, the ALJ found that plaintiff was unable to perform any past relevant work.
> - At step five, the ALJ denied plaintiff benefits because he found that there were jobs that exist in significant numbers in the national economy that plaintiff can perform.

(ECF No. 14, PageID.988-90). On appeal, the MJ reviewed the ALJ's decision and found that it was supported by substantial evidence.

### III. STANDARD OF REVIEW

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005); Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997).  This Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." McClanahan v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc* ). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing Mullen, 800 F.2d at 545. Wilkerson v. Commr of Soc. Sec., 278 F Supp 3d 956, 967 (ED Mich 2017).

3

The portions of the MJRR that the claimant finds objectionable are reviewed *de novo*. See 28 U.S.C. § 636(b)(1)(C); Herriman v. Apfel, 66 Soc. Sec. Reptr. Serv. 588, 2000 WL 246598, *1 (E.D.Mich.2000).

## IV. DISCUSSION

The Court finds that the MJRR is an accurate, well-reasoned review of the record. The MJRR is adopted in its entirety. The Court need only address Schlacht's specific objections at this stage of the case, and articulate reasons for why Schlacht's objections are overruled.

### A. *Objection #1*

Schlacht argues that the MJ erred when she found that the ALJ's assessment of Schlacht's mental RFC was sufficient. (ECF No. 15). Schlacht says that the ALJ did not properly account for her depression and anxiety, and that "Plaintiff's depression and anxiety were mischaracterized and minimized". (Id. at PageID.1030).

The is no evidence that the ALJ mischaracterized or minimized Schlacht's depression and anxiety. Rather, he found that Schlacht's subjective complaints did not align with the objective evidence. Despite her subjective symptoms, "Plaintiff did not have any specialized mental health treatment, which suggests that her social limitations are not as severe as she claims." (ECF No. 7-2, PageID.50).

Schlacht takes issue that "[t]he ALJ's decision does not specifically outline Plaintiff's ability to understand; carry out and remember instructions; use judgment in making work- related decisions, respond appropriately to supervision, co-workers in work situations; and deal with changes in a routine work setting."

An ALJ is not required to "explicitly address Plaintiff's limitations with regard to every work-related function." Sanders v. Comm'r of Soc. Sec., 2018 WL 2181096, at *5 (E.D. Mich. Jan. 23, 2018). However, as the MJ explained, the ALJ did discuss Schlacht's mental impairments when making a determination of her RFC. At step three, the ALJ discussed her ability to understand, remember, or apply information, her ability to interact with others, her ability to concentrate, persist, or maintain pace, and her ability to adapt or manage herself. (ECF No. 7-2, PageID.50). Then, in the RFC discussion, the ALJ again addressed her mental impairments, although not in as great of detail. For example, the ALJ said that the RFC limitations of simple, routine, repetitive tasks with no work with the public and no production-like standards were to account for her "combined mental impairments, which caused moderate limitations in her abilities to interact with others and maintain concentration, persistence, or pace as discussed above." (Id. at PageID.54). Thus, the ALJ expressly discussed Schlacht's functional abilities regarding her mental impairments and considered them when making a disability determination. (ECF No. 14). Schlacht's challenges against the mental RFC assessment are insufficient to establish error, as she has not shown that the limitations were unsupported or demonstrated the need for a more restrictive RFC. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391-92 (6th Cir. 1999) (plaintiff bears the burden of establishing RFC); Jordan v. Comm'r of Soc. Sec., 548 F.3d 417, 423 (6th Cir. 2009).

*Objection # 2*

Schlacht argues that the MJ erred when she found that the ALJ's decision was supported by substantial evidence, and that "overall, Plaintiff's ability to work during

the time period at issue was severely over-estimated by the ALJ, and incorrectly affirmed by the [MJ]." (ECF No. 15, PageID.1032).

Schlacht, however, does not point to any particular portion of the ALJ report that was not so supported. The closest Schlacht comes to articulating a specific issue with the report is reference to a 7th Circuit case which states that an ALJ should not substitute his own medical judgment for that a physician. (Id. at 1031). Here, there is no evidence the ALJ substituted his own medical judgment for that of a physician. Further, an ALJ is not required to rely on a physician's opinion when making a determination on disability. See Rudd v. Comm'r of Soc. Sec., 531 F. App'x 719, 728 (6th Cir. 2013).

Plaintiff also says that the ALJ "failed to follow regulations." (ECF No. 15, PageID.1031). However, Plaintiff fails to mention any particular regulation the ALJ did not follow, and the Court does not find any such evidence.

## V. CONCLUSION

For the reasons stated above, the MJRR is ADOPTED, Schlacht's objections are OVERRULED, Schlacht's motion for summary judgment is DENIED, the Commissioner's motion for summary judgment is GRANTED, and the ALJ's decision denying benefits is AFFIRMED.

SO ORDERED.

Dated: 10/25/2019

s/Avern Cohn
U.S. District Judge